IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC.,** | : | |
| **Plaintiff** | : | **Civil No. 1:14-cv-0848** |
| | : | |
| **v.** | : | |
| | : | |
| **BIO-PURE PRODUCTS INC.,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendant** | : | |

**M E M O R A N D U M**

Presently before the court is Plaintiff's motion to voluntarily dismiss
this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).
(Doc. 21.)  Defendant opposes Plaintiff's motion and requests that the court dismiss
the matter with prejudice and award costs and attorney's fees.  For the reasons set
forth below, the court will dismiss the action with prejudice, but without the
imposition of costs and attorney's fees.

## I.        Background

On May 2, 2014, Plaintiff Dentsply International Inc. ("Plaintiff")
initiated this action by filing a complaint against Defendant Bio-Pure Products Inc.
("Defendant") for false advertising and unfair competition pursuant to the Lanham
Act, 15 U.S.C. § 1125, and Pennsylvania state law.  (Doc. 1.)  In the complaint,
Plaintiff alleged, *inter alia*, that Defendant engaged in an extensive advertising
campaign that disparaged Plaintiff's products and misrepresented the efficacy of its
own products.  (*See id.*)  On July 2, 2014, Defendant filed an answer to the
complaint, wherein it denied making any false, misleading, or disparaging claims

regarding Plaintiff's products or Defendant's own products.  (Doc. 7.)  Since that time, the parties have engaged in some discovery, but they have not taken depositions, exchanged expert reports, or filed dispositive motions.  (Doc. 21, p. 2 of 5; Doc. 23, p. 5 of 6.)

On June 5, 2015, Plaintiff filed the instant motion to dismiss the action without prejudice (Doc. 21), followed by a brief in support on June 19, 2015 (Doc. 22). In support of its motion, Plaintiff argues that it should be permitted to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) because the action is merely in its preliminary stages.  Specifically, Plaintiff argues that, although the case was filed in May, 2014, the parties have done nothing but engage in limited written discovery, and therefore, Defendants have presumably expended very little time, money, and resources in the litigation.  (*See generally id.*)  On July 2, 2014, Defendant filed an opposition to the motion, wherein it argues that, contrary to Plaintiff's representations, the parties have engaged in significant discovery during the pendency of the year-long litigation, and that Plaintiff is simply seeking to dismiss this case because it was filed frivolously in an attempt to thwart Defendant's increasing market share in the dental evacuation industry.  (Doc. 23.)  While Defendant does not oppose dismissal, it contends that the court should dismiss the action with prejudice and award costs and attorney's fees.  (*Id.*)  In a reply filed on July 16, 2015, Plaintiff reiterates that the case should indeed be dismissed without prejudice, but requests that the court dismiss the action with prejudice in lieu of a reimbursement condition to a dismissal without prejudice.  (Doc. 24.)

2

**II.**       **Legal Standard**

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff seeking to dismiss an action after the defendant has filed an answer may do so "only by court order, on terms that the court considers proper."  While the decision to dismiss the action pursuant to Rule 41(a)(2) falls within the sound discretion of the district court, such motions should be granted without prejudice unless dismissal would cause "plain legal prejudice" to the defendant.  *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990); *Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005).  Whether a dismissal will be prejudicial to the defendant depends upon the circumstances of each case.  *Total Containment, Inc. v. Aveda Mfg. Corp.*, Civ. No. 90-cv-4788, 1990 WL 290146, *2 (E.D. Pa. Dec. 7, 1990).  However, the legal prejudice required to deny a motion pursuant to Rule 41(a)(2) must be more than the mere prospect of a second lawsuit or a tactical advantage.  *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842 (3d Cir. 2014).  Rather, prejudice is generally found "where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial."  *Ravenel v. Smithkline Beecham Corp.*, Civ. No. 2:13-cv-3390, 2013 WL 4223706, *1 (E.D. Pa. Aug. 14, 2013) (citing *In re Diet Drugs (Phentermine / Fenfluramine / Dexfenfluramine) Prods. Litig.*, 85 F. App'x 845, 847 (3d Cir. 2004)).

In considering whether dismissal would be prejudicial, courts have considered: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the

motion to voluntary dismiss the suit; and (5) the pendency of the dispositive motion by the non-moving party. *Lincoln Gen. Ins. Co. v. Kingsway Am. Agency, Inc.*, Civ. No. 1:11-cv-1195, 2013 WL 214634, *13 (M.D. Pa. Jan. 18, 2013) (citations omitted). Another factor which has been recognized as bearing on the issue of prejudice includes the insufficiency of the explanation as to why dismissal is warranted. *Total Containment*, 1990 WL 290146 at *2.

The court may, in its discretion, impose conditions on the granting of a motion to voluntarily dismiss an action without prejudice pursuant to Rule 41(a)(2), such as reimbursement of costs and attorney's fees. *Young v. Johnson & Johnson Corp.*, Civ. No. 05-cv-2393, 2005 WL 2886218, *7 (E.D. Pa. Nov. 2, 2005). Although reimbursement of costs and fees is not a prerequisite for granting a dismissal without prejudice, it is "very common" for the court to impose such a condition and often necessary "to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal" of a case. *Id.* (internal citations omitted); *John Evans Sons, Inc. v. Majik, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982) (stating that "numerous courts have [awarded costs and attorney's fees] where a voluntary dismissal has been granted without prejudice.").

## III. <u>Discussion</u>

In their respective motions, the parties agree that dismissal of this case is proper. Therefore, the only contested issues are whether the case should be dismissed with or without prejudice and whether attorney's fees and costs should be assessed.

Under the facts and circumstances presented in this case, the court would ordinarily, in its discretion, grant Plaintiff's motion to voluntarily dismiss the action without prejudice conditioned upon its payment of Defendant's costs and attorney's fees.  Indeed, a dismissal without prejudice should be permitted where no harm will result to the defendant or where curative conditions could be imposed to alleviate any harm to the defendant.  *See Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 26 (M.D. Pa. 1988).

A dismissal without prejudice is appropriate here because the case has not progressed far beyond the pleadings.  Although the parties have engaged in discovery, they have not taken depositions, exchanged expert reports, or begun to prepare for trial.  Furthermore, there are no outstanding counterclaims or dispositive motions.  A curative condition to the dismissal without prejudice is necessary, however, because this action has been pending for over a year, during which time Defendant has incurred expenses in contesting Plaintiff's action throughout the pre-trial stage.  While the prejudice that Defendant asserts would result from a dismissal without prejudice at this stage of the litigation is, in the court's estimation, overstated, Defendant has established, at a minimum, financial prejudice in the form of fees and costs.

As such, dismissal on the condition that Plaintiff pay all reasonable costs and attorney's fees incurred by Defendant in litigating this action would be appropriate.  The court must emphasize, however, that its imposition of a condition to dismissal would by no means suggest that it accepts Defendant's assertion that Plaintiff brought this case frivolously or with an intent to drive a competitor out of the market.  The court has not made any factual findings in that regard.  Rather, by

requiring Plaintiff to reimburse Defendant for its expenses as a prerequisite to dismissal without prejudice, the court would simply ensure that Defendant is not prejudiced by the court's granting of the motion. *See id.* at 26-27.

In the alternative to an order granting Plaintiff's motion on the condition that it pay Defendant's reasonable costs and attorney's fees, however, Plaintiff has requested that the court dismiss the action with prejudice and without an award of attorney's fees and costs. (Doc. 24); *see Citizens*, 120 F.RD. at 26 (providing Plaintiff the option to pay the reasonable costs and attorney's fees and take the without prejudice dismissal, withdraw the motion entirely, *or* move for a with prejudice dismissal in lieu of paying the defendant's costs and fees); *Total Containment*, 1990 WL 290146 at *4 (same). The court finds this an appropriate disposition of the action. Although Defendant seeks both dismissal with prejudice and the reimbursement of costs and attorney's fees, the purpose of an award of costs and attorney's fees is to compensate the defendant for having incurred the expenses of litigation without the benefit of a final determination on the controversy. *See John Evans*, 95 F.R.D. at 191 (E.D. Pa. 1982). However, this consideration is not present where dismissal is with prejudice because the termination of the litigation gives the defendant the benefit of a final determination on the controversy without the additional expense it would have incurred by proceeding to a trial on the merits. *Id.* Accordingly, the court will dismiss the action with prejudice and will not impose the payment of attorney's fees and costs as a condition of the voluntary dismissal.

**IV.**        **Conclusion**

For the reasons set forth above, the court finds that this case may be properly dismissed without prejudice on the condition that Plaintiff pay Defendant's reasonable costs and attorney's fees.  However, on the basis of Plaintiff's alternative request, the court will instead dismiss the case with prejudice and without the imposition of a condition to dismissal.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 17, 2015.